# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LAVON A. MINGO,**
**a.k.a. LARON A MINGO,**
**D.O.C. #725731,**

    **Plaintiff,**

**vs.**	    **Case No. 4:21cv298-MW-MAF**

**MARK S. INCH, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case in mid-July 2021 by submitting a document which was titled "notice to appear," ECF No. 1, but which was construed as Plaintiff's civil rights complaint. Plaintiff was directed to either pay the filing fee for this case or file an in forma pauperis motion. ECF No. 3. He responded by filing a motion requesting leave to proceed in forma pauperis, ECF No. 5, and an amended complaint, ECF No. 4. Plaintiff's in forma pauperis motion was reviewed, which appeared sufficient to grant because Plaintiff had demonstrated that he had maintained a zero account balance for the past six months.

However, the motion included a copy of Plaintiff's inmate bank account statement, ECF No. 5, which raised a concern. Plaintiff had liens against his account for $1,410.00 for federal prison litigation, $2,400.50 for state prison litigation, and $146.89 for legal postage. *Id.* In light thereof, Plaintiff's amended complaint, ECF No. 4, was reviewed to determine what prior cases Plaintiff had filed. An obvious inconsistency was noted - Plaintiff said that he had not had any case dismissed for a reason that counts as a "strike" under § 1915(g). *Id.* at 19. Plaintiff also said he had not filed any cases in either state or federal court which dealt with the same facts or issues, *id.*, and he said that he had filed no other lawsuit in federal court "either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." *Id.* at 20.

Because those answers did not match the information reported on Plaintiff's inmate bank account statement, the Court sought to determine whether Plaintiff falsely answered questions on the complaint form. In doing so, only one case was located as having been filed by Plaintiff Lavon A. Mingo. Case number 3:15cv1152 was filed in the Middle District of Florida on September 29, 2015, but it was immediately dismissed the following day for several reasons, including the fact that Plaintiff was

seeking to file the complaint on behalf of another inmate. *See* ECF No. 3 of case # 3:15cv1152-BJD-MCR. Thus, no filing fee was assessed or a lien imposed for that case. In light thereof, it was unclear why Plaintiff had liens imposed for cases which he did not acknowledge in the amended complaint, ECF No. 4.

Once again, Plaintiff's amended complaint, ECF No. 4, was reviewed. Notably, an attachment submitted with the amended complaint was a copy of an order revoking Plaintiff's conditional release dated April 14, 2021. *Id.* at 9. That document demonstrated that Plaintiff has also been known as "Laron Anthony Mingo" in addition to the name he used in filing this case, Lavon Mingo. Searching for cases under that name revealed that Plaintiff had filed numerous cases.[1] It also appeared that Plaintiff had at least three cases dismissed for reasons which count as strikes under § 1915(g). Moreover, Plaintiff had a recent case dismissed under that statute because Plaintiff did not present allegations which met the "imminent danger" exception. *See* case # 3:19cv056-MMH-JBT, dismissed on January 14, 2019, in the Middle District of Florida.

---

[1] The Court has confirmed that Plaintiff Lavon A. Mingo is the same person as Laron A. Mingo because the Department of Corrections' inmate number is the same - 725731.

Case No. 4:21cv298-MW-MAF

In light thereof, Plaintiff was ordered to show good cause why this case should not be dismissed for failing to honestly disclose his prior cases. ECF No. 6. He was warned that if he failed to do so, he may be sanctioned, and that a possible sanction was a recommendation of dismissal. *Id.* Furthermore, Plaintiff was <u>also</u> required to file a second amended complaint which honestly listed his prior cases, disclosed whether or not he had three "strikes" and, if he conceded that was true, demonstrated a basis to proceed with this case under 28 U.S.C. § 1915(g).[2] *Id.*

Plaintiff responded by stating he "has no education and experience in the law." ECF No. 8 at 1. He also claimed "no knowledge of the prior" case cited from the Middle District - case number 3:15cv1152. *Id.* at 2. He further claimed a "lack of any knowledge of any other case(s) or liens" and asserted he has a "slow learning disability level; and no high school education and no knowledge of the law and access to a law library." *Id.*

---

[2] That statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

He requested this case not be dismissed. *Id.* Plaintiff then submitted a "second amended complaint" which did not list any prior cases, did not acknowledge he had three "strikes," and was not on the court form.[3] ECF No. 7. Moreover, Plaintiff's complaint does not assert that Plaintiff faces imminent danger; rather, he complains of vague due process violations that subjected him to "false imprisonment" and "malicious prosecution." *Id.* at 3.

    Judicial notice is taken that Plaintiff Laron A. Mingo previously filed the following civil cases in this Court (excluding numerous habeas petitions):

| case number: | filed: | dismissed: | reason: |
| --- | --- | --- | --- |
| 1:00cv198-MP | 11/13/00 | 05/01/01 | failure to prosecute |
| 3:00cv507-LC | 11/09/00 | 04/13/01 | failure to state a claim |
| 3:00cv535-LC | 11/27/00 | 07/16/01 | failure to prosecute |
| 3:00cv571-RH | 12/20/00 | 07/23/01 | failure to prosecute |
| 3:01cv87-RV | 03/07/01 | 03/30/01 | abuse of judicial process (failed to disclose cases) |
| 3:01cv100-RH | 03/19/01 | 07/02/01 | abuse of judicial process (failed to disclose cases) |

---

[3] In fairness, the prior Order did not direct the Clerk's Office to send Plaintiff the court form, but prisoners nevertheless have access to such forms at their institutions.

| | | |
|---|---|---|
| 3:01cv253-RV | 06/26/01 12/12/01 | failure to prosecute |
| 3:01cv297-LC | 07/20/01 10/17/01 | failure to prosecute and abuse of judicial process (failed to disclose cases) |
| 3:01cv367-LC | 09/11/01 11/30/01 | failure to prosecute |

Plaintiff also filed the following cases in the Middle District of Florida:

| case number: | filed: | dismissed: | reason: |
|---|---|---|---|
| 2:00cv548-JES | 12/08/00 | 01/16/01 | failure to state a claim |
| 2:01cv506-JES | 09/10/01 | 09/26/01 | failure to exhaust administrative remedies |
| 3:02cv148-RWN | 02/22/02 | 02/27/02 | failure to exhaust administrative remedies |
| 8:18cv2729-VMC | 11/05/18 | 11/09/18 | transferred (became case 5:18cv574) |
| 5:18cv574-CEH | 11/05/18 | 01/09/19 | transferred (became case 3:19cv56) |
| 3:19cv56-MMH | 11/05/18 | 01/15/19 | 3-strikes dismissal, § 1915(g) |

Plaintiff also filed the following cases in the Southern District of Florida:

| case number: | filed: | dismissed: | reason: |
|---|---|---|---|
| 1:00cv4229-AJ | 11/07/00 | 11/17/00 | transferred to M.D. Fla. |
| 1:02cv20089-SH | 01/09/02 | 02/08/02 | transferred to M.D. Fla. |

Case No. 4:21cv298-MW-MAF

Considering the multitude of cases that Plaintiff previously filed, his response to the Order to Show Cause is not well taken. Plaintiff's lack of education or access to the law library is unavailing. He is required to report his prior cases and is obligated to keep a list of those cases; neither education or a law library is required to do so. His asserted "lack of knowledge" is also unavailing. Plaintiff had a case dismissed as recently as 2019 for failing to honestly disclose his cases. In addition, Plaintiff previously had three cases dismissed as an abuse of the judicial process for failing to honestly disclose his cases. Plaintiff has been sufficiently placed on notice of the requirement that he must keep a list of his litigation history and honestly report it. Accordingly, Plaintiff has not shown good cause for failing to list his cases.

Moreover, even when on notice by this Court that he must do so, he submitted a second amended complaint which lists no prior cases.[4] Plaintiff was previously warned that failing to honestly disclose his cases may result in sanctions, including a recommendation of dismissal. *See* ECF No. 6 (citing Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221,

---

[4] Plaintiff may now use the list of cases provided herein to comply with this requirement in the future. He has no excuse going forward not to report these cases.

Case No. 4:21cv298-MW-MAF

226 (11th Cir. 2011) (holding that the "district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed); Young v. Sec'y Florida for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (finding "district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases."); Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). That warning had no effect. In light of Plaintiff's continued refusal to acknowledge his prior cases, this case should now be dismissed as an abuse of the judicial process.

In addition, Plaintiff has had more than three cases dismissed for the reasons listed in § 1915(g); that is, Plaintiff has had two cases dismissed because they failed to state a claim and two additional cases dismissed for failure to exhaust administrative remedies. "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones

v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007));[5] *see also* Nelson v. Singer, 2013 WL 2285088, at *1 (M.D. Fla. May 22, 2013) (stating that although some courts may disagree with Rivera, the Court "must follow the Eleventh Circuit's precedent" and citing to Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008)); Wright v. Mims, No. 1:13cv845, 2013 WL 4013163, at *2 (N.D. Ga. Aug. 5, 2013) (citing Thomas v. Parker, 672 F.3d 1182, 1183-84 (11th Cir. 2012) (concluding that a complaint dismissed for mixed reasons such as failure to state a claim and failure to exhaust should be counted as a strike under § 1915(g), relying on Pointer v. Wilkinson, 502 F.3d 369, 377 (6th Cir. 2007) (same))); *but see* Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010) (holding "that the dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or for failure to state a claim does not constitute a strike under § 1915(g)"). An unexhausted claim is not a claim upon which relief may be granted and, thus, dismissal under § 1915(e)(2)(B)(ii) is appropriate. Accordingly, Plaintiff has had more than "three strikes." Pursuant to § 1915(g), Plaintiff cannot proceed with this case unless he

---

[5] Jones v. Bock held that exhaustion was not a pleading requirement but an affirmative defense and "noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." 549 U.S. at 216.

shows that he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  As noted above, Plaintiff's second amended complaint, ECF No. 7, does not do so.  Because Plaintiff has "three strikes," he is not entitled to proceed with in forma pauperis status; thus, Plaintiff's motion for in forma pauperis status, ECF No. 5, should be denied and this case summarily dismissed.  Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation if he wants to proceed with his claims.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $402.00 filing fee because he failed to honestly disclose his

prior cases.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**